# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **KEROLOS HERCLE GAID SALAMA,** | **Case No. 25–cv–18990–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, *et al.*,** | |
| **Respondents.** | |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Kerolos Hercle Gaid Salama's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.) Respondents Delaney Hall Detention Facility (Facility) Director Luis Soto, Department of Homeland Security (Department) Secretary Kristi Noem, United States Attorney General Pamela Bondi, and Immigration and Customs Enforcement (ICE) Director Todd M. Lyons oppose the Petition. (ECF No. 4.) For the following reasons, I will deny the Petition.

## I.    BACKGROUND

Petitioner is a citizen of Egypt. (ECF No. 1 ¶ 1.) He fled the country and entered the United States in October 2024. (*Id.*) On October 8, 2024, the Department issued petitioner a Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1) (Order). (ECF No. 8.) He was provided parole under 8 U.S.C. § 1182(d)(5)(A) on October 26, 2024. (ECF No. 1 ¶ 1.) On December 19, 2024, he later filed an Application for Asylum and for Withholding of Removal (Application). (ECF No. 4–1 p. 3.) The Application is still pending. (*Id.*)

Petitioner was detained by ICE in Newark, New Jersey on November 12, 2025 after a scheduled interview. (*Id.* p. 4.) He filed the Petition on December 24, 2025 alleging that respondents were improperly detaining him pursuant to § 1225(b) and that he should be detained pursuant to 8 U.S.C. § 1226. (ECF No. 1 ¶¶ 5, 7.) Based on petitioner's representations in the Petition, I made a preliminary determination that petitioner's detention pursuant to § 1225(b)(2) was improper. (ECF No. 2 (citing *Bethancourt- Soto v. Soto, et al.*, No. 25–cv–16200, __ F. Supp. 3d __, 2025 WL 2976572 (D.N.J. Oct. 22, 2025)). Respondents were ordered to provide petitioner with a bond hearing or file an expedited answer if they contended that *Bethancourt-Soto* did not control. (*Id.*)

Respondents filed an answer on January 2, 2026 arguing that petitioner's case was distinguishable from *Bethancourt-Soto* because petitioner was detained pursuant to § 1225(b)(1), not § 1225(b)(2). (ECF No. 4.) Petitioner filed a reply on January 7, 2026 relying on a recent decision from this District that held § 1225(b)(1) did not apply to noncitizens who had been detained at the border but were released into the United States at some point. (ECF No. 5 p. 5.); *see also Rodriguez v. Rokosky*, No. 25–cv–17419, 2025 WL 3485628, at *2 (D.N.J. Dec. 3, 2025) (holding "§ 1225(b)(1)(A)(iii) does not authorize designation for expedited removal of any noncitizen who has, at any point in time, been paroled into the United States" (cleaned up)).

On January 8, 2026, I ordered respondents to clarify whether petitioner is subject to a final order of removal as his I–213 Form dated November 12, 2025 indicated that he was subject to an expedited order of removal. (ECF No. 6 (citing ECF No. 4–1 p.3.)) Respondent filed an update stating that petitioner "does not have a final order of removal but … is subject to an administratively final expedited removal order." (ECF No. 7); *(see also* ECF No. 8.)

2

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner was detained within the District of New Jersey when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, I have habeas jurisdiction over his claims.[1]  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

## III.  DISCUSSION

Petitioner argues that respondents are illegally detaining him without a bond hearing.  (ECF No. 1 ¶ 32.)  Respondents assert that petitioner is lawfully detained pursuant to § 1225(b)(1) because he is a noncitizen who "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for an asylum claim."  (ECF No. 4 pp. 1, 2.)

Having reviewed the record, I conclude that petitioner is properly detained pursuant to § 1225(b)(1).  Petitioner was apprehended shortly after crossing the border and was provided humanitarian parole under 8 U.S.C. § 1182(d)(5)(A).  "[P]arole of such [noncitizen] shall not be regarded as an

---

[1] Following the Third Circuit's recent decision in *Khalil v. President of the United States*, 164 F.4th 259 (3d Cir. 2026), I asked the parties to submit supplemental briefing on whether *Khalil* deprived this Court of subject matter jurisdiction.  (ECF No. 9.)  Having reviewed the submissions (ECF Nos. 11, 13), I am persuaded that I retain subject matter jurisdiction over the legal question of which statute governs petitioner's detention.

admission of the [noncitizen] and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Noncitizens "who are paroled are thus subject to the 'entry fiction' in which they are legally considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude." *Faqirzada v. Rokosky*, No. 25–cv–16639, 2026 WL 63614, at *2 (D.N.J. Jan. 8, 2026). In other words, "[p]etitioner is treated legally as if he remained at the border for the duration of that parole. Petitioner thus remained subject to both the removal procedures, and accompanying mandatory detention, which applies to aliens detained under § 1225(b)(1)." *Id.* (internal citation omitted). Petitioner is not entitled to release or bond hearing under this statute.

Noncitizens who are subject to prolonged detention may be entitled to a bond hearing should their detention become so prolonged as to become arbitrary, but petitioner has only been detained for approximately two-and-a-half months. (ECF No. 4–1 p. 4.) This is far shy of the lengthy detention generally necessary for mandatory detention to become arbitrary. *See, e.g., Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442–43 (D.N.J. 2019) (finding that detention had become arbitrary at twenty months). "Given the relatively short duration of [p]etitioner's detention thus far, [p]etitioner's current period of detention has not become so prolonged that it violates Due Process, and [p]etitioner's mandatory detention thus passes constitutional muster." *Faqirzada*, 2026 WL 63614, at *3.

## IV.  CONCLUSION

For the reasons stated above, the Petition is denied.   Any restrictions imposed on Petitioner's location by this Court shall be lifted.    An appropriate Order accompanies this Opinion.

 /s/ Edward S. Kiel
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2026